UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA JACKSON RIDEOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV178 LMB |
| | ) | |
| ERIC HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's amended complaint under 28 U.S.C. § 1915A. Upon review, the Court finds that this action must be dismissed.

### 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Background**

On April 2, 2005, plaintiff consented to a search of his bedroom, computer, and computer disks. *See United States v. Rideout*, 1:06CR83 JCH (E.D. Mo.).[1] Officials discovered over 600 images of child pornography, some including sadistic or masochistic conduct, on his computer. The evidence was seized pursuant to an investigation. On May 22, 2006, plaintiff appeared before the Court to waive indictment and plead guilty to one count of possession of child pornography. The plea was entered pursuant to an agreement with the government. On August 28, 2006, the Court sentenced plaintiff to 78 months' imprisonment to be followed by 10 years' supervised release. Plaintiff is currently incarcerated at FCI Seagoville.

---

[1] The Court takes judicial notice of the case files in the criminal action and in plaintiff's subsequent proceedings under 28 U.S.C. § 2255, *Rideout v. United States*, 1:07CV107 JCH (E.D. Mo.).

## The Complaint

Plaintiff brings this official-capacity suit under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), challenging the constitutionality of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 ("SORNA"). Named as defendants are Eric Holder (United States Attorney General), Linda M. Baldwin (Director of the Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering and Tracking ("SMART")), James C. Duff (Director, Administrative Office of the United States Courts), John F. Clark (Director, United States Marshals Service), Michael W. Reap (Acting United States Attorney for the Eastern District of Missouri), John M. Britt (Director, Missouri Department of Public Safety), and Ron Barnett (Sheriff, Ripley County, Missouri). Plaintiff seeks declaratory and injunctive relief from future harm.

When defendant is released from prison, he will be required to register as a sex offender pursuant to SORNA. Plaintiff believes that SORNA's requirements will violate several of his constitutional rights.

Plaintiff is suing the United States defendants because they supervise government personnel who are responsible for enforcing the provisions of SORNA. Plaintiff is suing defendant Britt because he supervises personnel who enforce

Missouri's sex offender statutes. Plaintiff is suing defendant Barnett because Barnett supervises the law enforcement personnel in Ripley County, Missouri.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants will be directly involved in or personally responsible for the alleged future violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Furthermore, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims against Holder, Baldwin, Duff, Clark, and Reap are therefore frivolous because the United States of America enjoys sovereign immunity. Plaintiff's claims against Britt are frivolous because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* And plaintiff's claims against Barnett are frivolous

because plaintiff has not alleged that a policy or custom of Ripley County, Missouri, will cause any alleged deprivations of plaintiff's constitutional rights. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915A(b).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of November, 2010.

*/s/ Henry Edward Autrey*
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE